Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiff*
*Intelligent Change, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTELLIGENT CHANGE, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ABNMCA, BDDAY, BEAUTIFUL CLOTHING, BGAGEG, BMANGE, BNGAJN, BOONBLE, CAKVIICA INC, CHEERICOME, CHIYUAN CO.LTD, DEMING CO.LTD, DMDUOU, FANLOU CO.LTD, FANX, FASIAOU, GBAYXJ HOME, GUANGZHOUKANGZHANGJINMAOYIYOUXIANGONGSI, HAIXI STORE CO., LTD., HAOWEN CO.LTD, HEVEBOIK, HGEWEG, HOME INSPIRATIONS, HOMEDM, HUSNZNFCBN, IHEAUNA, IKDXUF, JIACHANGWANG CO., LTD, JIANPO CO.LTD, JINGZI CO., LTD, KAGAYD CO.LTD, KOOGEL STORE, LEODYE, LOHUMAI, LUCLWECE, LUNALUNA, NALLWABIU, NEST & NOOK, NIHOND, OUHGE, QINGHUAI, QIQIMAOYI, TANTOU HOME SUPPLY, TFHENGQQ, TIUNEO & HOME, UNLLLL, UOHEYT, VIWOEIM, VOYOAO, WIUEURTLY, | **24-cv-8501 (DLC)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

WUXINGA, XINDISNUSFO, YMJQL, YUNLONGP and ZHENQIRUN TOY,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Intelligent Change** | Intelligent Change, LLC |
| **Defendants** | ABNMCA, Bdday, Beautiful clothing, bgageg, bmange, bnGAJN, Boonble, CAKVIICA INC, Cheericome, CHIYUAN Co.Ltd, DEMING Co.Ltd, DMDUOU, FANLOU Co.Ltd, FANX, Fasiaou, GBAYXJ HOME, guangzhoukangzhangjinmaoyiyouxiangongsi, Haixi Store Co., Ltd., HAOWEN Co.Ltd, Heveboik, hgeweg, Home Inspirations, HomeDm, Husnznfcbn, IHEAUNA, IKDXUF, JiaChangwang Co., LTD, JIANPO Co.Ltd, Jingzi Co., LTD, KAGAYD Co.Ltd, Leodye, LOHUMAI, LuClweCe, lunaluna, Nallwabiu, Nest & Nook, NIHOND, OUHGE, Qinghuai, qiqimaoyi, Tantou Home Supply, TFHENGQQ, Tiuneo & Home, UNLLLL, UOHEYT, Viwoeim, VOYOAO, Wiueurtly, wuxinga, XINDISNusfo, YMJQL, yunlongp and ZhenQiRun Toy |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an |

i

| | |
|---|---|
| | order authorizing expedited discovery |
| **Ikonn Dec.** | Declaration of Alex Ikonn in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Five Minute Journal Products** | The original gratitude journal that delivers an insightful and guided introduction to mindfulness and positive psychology by encouraging consumers to spend only five minutes practicing gratitude |
| **Five Minute Journal Registrations** | U.S. Trademark Registrations No. 7,076,482 for "FIVE MINUTE JOURNAL" for goods in Classes 9 and 16; 5,350,016 for "FIVE MINUTE JOURNAL" for goods in Class 9; and 4,596,523 for "FIVE MINUTE JOURNAL" for goods in Class 16 |
| **Five Minute Journal Application** | U.S. Trademark Serial Application No. 97/028,324 for "FIVE MINUTE GRATITUDE JOURNAL" for goods in Class 16 |
| **Five Minute Journal Marks** | Five Minute Journal Registrations and Five Minute Journal Application |
| **Intelligent Change Products** | A variety of elevated and thoughtfully designed personal journals, which can be used to help individuals realize their full potential and live a happier life |
| **Counterfeit Products** | Products bearing or used in connection with the Five Minute Journal Marks and/or marks that are confusingly similar to the Five Minute Journal Marks, and/or products in packaging and/or with labeling bearing the Five Minute Journal Marks and/or marks that are confusingly similar to the Five Minute Journal Marks, and/or products that are identical or confusingly similar to the Five Minute Journal Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon and/or Walmart Marketplace, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of |

| | |
|---|---|
| | Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon and/or Walmart Marketplace, such as Amazon.com and/or Walmart.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on November 8, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on November 15, 2024 ("TRO") which ordered Defendants to appear on December 18, 2024 at 2:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on December 2, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except for Defendant YMJQL, who was served on December 11, 2024;

WHEREAS, on December 18, 2024 at 2:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in

1

       Counterfeit Products or any other products bearing the Five Minute Journal Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Five Minute Journal Marks;

ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

iii. directly or indirectly infringing in any manner Plaintiff's Five Minute Journal Marks;

iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Five Minute Journal Marks, to identify any goods or services not authorized by Plaintiff;

v. using Plaintiff's Five Minute Journal Marks and/or any other marks that are confusingly similar to the Five Minute Journal Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed,

    promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

  vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

  viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements, are hereby restrained and enjoined from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts

3

until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

   ii. instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b) and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses),

account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants Cheericome, Bdday, Beautiful clothing, bmange, GBAYXJ HOME, Haixi Store Co., Ltd., KAGAYD Co. Ltd, qiqimaoyi, Viwoeim, XINDISNusfo, and YMJQL, Third Party Service Providers and Financial Institutions through the pendency of this action.

4. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants ABNMCA, bgageg, bnGAJN, Boonble, CAKVIICA INC, CHIYUAN Co.Ltd, DEMING Co.Ltd, DMDUOU, FANLOU Co.Ltd, FANX, Fasiaou, guangzhoukangzhangjinmaoyiyouxiangongsi, HAOWEN Co.Ltd, Heveboik hgeweg, Home Inspirations, HomeDm, Husnznfcbn, IHEAUNA, IKDXUF, JiaChangwang Co., LTD, JIANPO Co.Ltd,, Jingzi Co., LTD, Leodye, LOHUMAI, LuClweCe, lunaluna, Nallwabiu, Nest & Nook, NIHOND, OUHGE, Qinghuai, Tantou Home Supply, TFHENGQQ, Tiuneo & Home, UNLLLL, UOHEYT, VOYOAO, Wiueurtly, wuxinga, yunlongp, and ZhenQiRun Toy solely for purposes of service of this Order and not for service of the Summons and Complaint.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure

5

   website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

 b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where Walmart Marketplace will be able to download a PDF copy of this Order via electronic mail to trolegalcomms@walmartlegal.com;

 c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

 d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail at thirdpartyrequests@payoneer.com;

 e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

 f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 18th day of November, 2024, at 5:50 p.m.
New York, New York

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

7