Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Intelligent Change, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTELLIGENT CHANGE, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ABNMCA, BDDAY, BEAUTIFUL CLOTHING, BGAGEG, BMANGE, BNGAJN, BOONBLE, CAKVIICA INC, CHEERICOME, CHIYUAN CO.LTD, DEMING CO.LTD, DMDUOU, FANLOU CO.LTD, FANX, FASIAOU, GBAYXJ HOME, GUANGZHOUKANGZHANGJINMAOYIYOUXIAN GONGSI, HAIXI STORE CO., LTD., HAOWEN CO.LTD, HEVEBOIK, HGEWEG, HOME INSPIRATIONS, HOMEDM, HUSNZNFCBN, IHEAUNA, IKDXUF, JIACHANGWANG CO., LTD, JIANPO CO.LTD, JINGZI CO., LTD, KAGAYD CO.LTD, KOOGEL STORE, LEODYE, LOHUMAI, LUCLWECE, LUNALUNA, NALLWABIU, NEST & NOOK, NIHOND, OUHGE, QINGHUAI, QIQIMAOYI, TANTOU HOME SUPPLY, TFHENGQQ, TIUNEO & HOME, UNLLLL, UOHEYT, VIWOEIM, VOYOAO, WIUEURTLY, WUXINGA, XINDISNUSFO, YMJQL, YUNLONGP and ZHENQIRUN TOY,<br><br>*Defendants* | **CIVIL CASE NO.**<br>**24-cv-8501 (DLC)**<br><br>~~[PROPOSED]~~<br>**FINAL DEFAULT JUDGMENT**<br>**AND PERMANENT**<br>**INJUNCTION ORDER** |

## GLOSSARY

| Term | Definition | Docket Entry No. |
|------|-----------|------------------|
| **Plaintiff or Intelligent Change** | Intelligent Change, LLC | N/A |
| **Defendants** | ABNMCA, Bdday, Beautiful clothing, bgageg, bmange, bnGAJN, Boonble, CAKVIICA INC, Cheericome, CHIYUAN Co.Ltd, DEMING Co.Ltd, DMDUOU, FANLOU Co.Ltd, FANX, Fasiaou, GBAYXJ HOME, guangzhoukangzhangjinmaoyiyouxiangongsi, Haixi Store Co., Ltd., HAOWEN Co.Ltd, Heveboik, hgeweg, Home Inspirations, HomeDm, Husnznfcbn, IHEAUNA, IKDXUF, JiaChangwang Co., LTD, JIANPO Co.Ltd, Jingzi Co., LTD, KAGAYD Co.Ltd, Koogel Store, Leodye, LOHUMAI, LuClweCe, lunaluna, Nallwabiu, Nest & Nook, NIHOND, OUHGE, Qinghuai, qiqimaoyi, Tantou Home Supply, TFHENGQQ, Tiuneo & Home, UNLLLL, UOHEYT, Viwoeim, VOYOAO, Wiueurtly, wuxinga, XINDISNusfo, YMJQL, yunlongp and ZhenQiRun Toy | N/A |
| **Defaulting Defendants** | bnGAJN, FANX, IKDXUF, JiaChangwang Co., LTD, NIHOND, Tantou Home Supply, TFHENGQQ and wuxinga | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 7, 2024 | 1 |
| **Complaint** | Plaintiff's Complaint filed on November 8, 2024 | 10 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |

| | | |
|---|---|---|
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 8, 2024 | 17-18, 75 |
| **TRO** | The Temporary Restraining Order against the Defendants, Third-Party Service Providers and Financial Institutions entered by the Court on August 2, 2024 | 28 |
| **Ikonn Dec.** | Declaration of Alex Ikonn in Support of Plaintiff's Application | 75 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 18 |
| **Five Minute Journal Products** | The original gratitude journal that delivers an insightful and guided introduction to mindfulness and positive psychology by encouraging consumers to spend only five minutes practicing gratitude | N/A |
| **Five Minute Journal Registrations** | U.S. Trademark Registrations No. 7,076,482 for "FIVE MINUTE JOURNAL" for goods in Classes 9 and 16; 5,350,016 for "FIVE MINUTE JOURNAL" for goods in Class 9; and 4,596,523 for "FIVE MINUTE JOURNAL" for goods in Class 16 | N/A |
| **Five Minute Journal Application** | U.S. Trademark Serial Application No. 97/028,324 for "FIVE MINUTE GRATITUDE JOURNAL" for goods in Class 16 | N/A |
| **Five Minute Journal Marks** | Five Minute Journal Registrations and Five Minute Journal Application | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Five Minute Journal Marks and/or marks that are confusingly similar to the Five Minute Journal Marks, and/or products in packaging and/or with labeling bearing the Five Minute Journal Marks and/or marks that are confusingly similar to the Five Minute Journal Marks, and/or products that are identical or confusingly similar to the Five Minute Journal Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon and/or Walmart Marketplace, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with | N/A |

ii

|  |  |  |
|---|---|---|
|  | Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |  |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' User Accounts or Defendants' Merchant Storefronts (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon and/or Walmart Marketplace, such as Amazon.com and/or Walmart.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **PI Order** | The Preliminary Injunction Order entered by the Court on December 18, 2024 | 31 |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on November 14, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Five Minute Journal Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third, Fourth and Fifth Causes of Action are dismissed against Defaulting Defendants without prejudice;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.000) in statutory damages against the following eight (8) Defaulting Defendants: bnGAJN, FANX, IKDXUF,

I

JiaChangwang Co., LTD, NIHOND, Tantou Home Supply, TFHENGQQ and wuxinga pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

    A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Five Minute Journal Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Five Minute Journal Marks;

    B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

    C. directly or indirectly infringing in any manner Plaintiff's Five Minute Journal Marks;

    D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Five Minute Journal Marks to identify any goods or services not authorized by Plaintiff;

    E. using Plaintiff's Five Minute Journal Marks and/or any other marks that are confusingly similar to the Five Minute Journal Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

2

F.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff

G.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Five Minute

3

Journal Marks or bear any marks that are confusingly similar to the Five Minute Journal Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

   A. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

   B. instructing, aiding or abetting Defaulting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(G), III(3)(A) and III(4)(A) above.

## IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

4

## V.    Miscellaneous Relief

1)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3)  The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _7th_ day of _December_, 2025, at _____ .m.

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT JUDGE

5